**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**VERONICA MILLER, et al.**                                                                 **PLAINTIFFS**

**V.**                                                             **NO. 4:18-CV-254-DMB-JMV**

**CITY OF LELAND, et al.**                                                                  **DEFENDANTS**

**ORDER**

On May 14, 2019, the plaintiffs filed a second amended complaint alleging a number of claims against the defendants arising from the operation and maintenance of the City of Leland's drainage and pump systems. Doc. #23. On June 14, 2019, two of the defendants—Kenny Thomas and Lisa Bush—filed a "Motion for Qualified Immunity" pursuant to Federal Rule of Civil Procedure 56. Doc. #30. On August 8, 2019,[1] the plaintiffs responded to the motion. Docs. #38, #39. In their response, the plaintiffs argue that they "must be afforded a reasonable opportunity to conduct discovery under" Federal Rule of Civil Procedure 56(d). Doc. #39 at 9. In their reply, Thomas and Bush argue that the plaintiffs are not entitled to Rule 56(d) relief. Doc. #40 at 5–7.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

> While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending

---

[1] The plaintiffs sought and received an extension of the deadline to respond. Doc. #35.

summary judgment motion. The nonmovant may not simply rely on vague
assertions that discovery will produce needed, but unspecified, facts.

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (cleaned up). While Rule 56(d) relief does not depend on the filing of an affidavit or declaration,[2] the failure to do so provides sufficient grounds for denial of the request. *Leza v. City of Laredo*, 496 F. App'x 375, 377–78 (5th Cir. 2012). When a non-movant fails to clearly articulate the grounds for the requested discovery, or otherwise fails to comply with the technical requirements of the rule, the court may provide the non-movant an opportunity to correct the deficiencies. *See, e.g.*, *First Specialty Ins. Corp. v. Supreme Corp.*, No. 3:12-cv-186, 2017 WL 6611583, at *2 (N.D. Ind. May 16, 2017); *Haines v. Home Depot U.S.A., Inc.*, No. 1:10-cv-01763, 2012 WL 217767, at *2 (E.D. Cal. Jan. 24, 2012).

Here, the plaintiffs represent:

> Additional discovery will provide the Plaintiffs an opportunity to obtain information concerning the design, use, condition, and operation of the City's drain-pump system which Plaintiffs could only be able to access through interrogatories, requests for production, and depositions of the Defendants and their employees. Such discovery would allow the Plaintiff[s] to further examine whether, and to what extent, the Defendants' operations and maintenance of the system, or lack thereof, resulted in disparate racial treatment of the Plaintiffs compared to other resident[s] of the City who lived in areas with less concentrated African American populations. Such discovery would also be necessary to allow any of Plaintiffs' expert witnesses to testify about the Defendants' negligent deviations from professional standards regarding the use, operation, and maintenance of the City's drain-pump systems, and how these systems differed in their operation and maintenance, between areas of the City based on demographics.

Doc. #39 at 3. The plaintiffs' argument, essentially a request for general discovery, fails to articulate specific facts which would create a genuine issue of material fact and wholly fails to

---

[2] *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266–67 (5th Cir. 1991) ("The nonmoving party's failure to tailor its request for additional discovery to fit Rule 56(f)'s precise measurements does not necessarily foreclose the court's consideration of the request. Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by 'some equivalent statement, preferably in writing' of its need for additional discovery, the nonmoving party is deemed to have invoked the rule.").

offer a plausible basis for why such facts would exist.  Additionally, the plaintiffs have not submitted an affidavit to support their request.  Accordingly, the plaintiffs are **DIRECTED** to submit, within fourteen (14) days of this order, a revised Rule 56(d) request.  The moving defendants may file a response within seven (7) days of such filing.  No reply will be allowed.

    **SO ORDERED**, this 28th day of January, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
