# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**VERONICA MILLER, et al.**                                                     **PLAINTIFFS**

**V.**                                                              **NO. 4:18-CV-254-DMB-JMV**

**CITY OF LELAND, et al.**                                                        **DEFENDANTS**

## ORDER

On June 14, 2019, the City of Leland, Leland Light and Water Company, Mayor Kenny Thomas, and Alderwoman Lisa Bush ("Moving Defendants") filed a "Motion for Summary Judgment for Claims Arising Under State Law" pursuant to Federal Rule of Civil Procedure 56. Doc. #28. On August 8, 2019,[1] the plaintiffs responded to the motion. Docs. #36, #37. In their response, the plaintiffs "request relief under Fed. R. Civ. P. 56(d), that the Plaintiffs be allowed sufficient time to conduct reasonable discovery …." Doc. #37 at 2–3; *see* Doc. #36 at 1–2 ("the Court should allow the Plaintiffs a reasonable time to conduct discovery under *Fed. R. Civ. P. 56(d)* …."). In their reply, the Moving Defendants argue that the plaintiffs are not entitled to Rule 56(d) relief. Doc. #41 at 2–4.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

> While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending

---

[1] The plaintiffs sought and received an extension of the deadline to respond. Doc. #35.

summary judgment motion. The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (cleaned up). While Rule 56(d) relief does not depend on the filing of an affidavit or declaration,[2] the failure to do so provides sufficient grounds for denial of the request. *Leza v. City of Laredo*, 496 F. App'x 375, 377–78 (5th Cir. 2012). When a non-movant fails to clearly articulate the grounds for the requested discovery, or otherwise fails to comply with the technical requirements of the rule, the court may provide the non-movant an opportunity to correct the deficiencies. *See, e.g.*, *First Specialty Ins. Corp. v. Supreme Corp.*, No. 3:12-cv-186, 2017 WL 6611583, at *2 (N.D. Ind. May 16, 2017); *Haines v. Home Depot U.S.A., Inc.*, No. 1:10-cv-01763, 2012 WL 217767, at *2 (E.D. Cal. Jan. 24, 2012).

Here, the plaintiffs represent:

Additional discovery will provide the Plaintiffs an opportunity to obtain information concerning the design, use, condition, and operation of the City's drain-pump system which Plaintiffs could only be able to access through interrogatories, requests for production, and depositions of the Defendants and their employees. Such discovery would allow the Plaintiff to further examine whether, and to what extent, the Defendants' operations and maintenance of the system, or lack thereof, was negligent. Such discovery would also be necessary to allow any of Plaintiffs' expert witnesses to testify about the Defendants' negligent deviations from professional standards regarding the use, operation, and maintenance of the City's drain-pump systems. Regarding the allegations of tortious interference, discovery will allow the Plaintiffs to obtain information, in the form of documents or testimony from Defendants and their employees, regarding communications made by Lisa Bush attempting circumvent Plaintiffs' attorney-representation.

Doc. #37 at 3. The plaintiffs' argument, essentially a request for general discovery, fails to articulate specific facts which would create a genuine issue of material fact and wholly fails to

---

[2] *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266–67 (5th Cir. 1991) ("The nonmoving party's failure to tailor its request for additional discovery to fit Rule 56(f)'s precise measurements does not necessarily foreclose the court's consideration of the request. Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by 'some equivalent statement, preferably in writing' of its need for additional discovery, the nonmoving party is deemed to have invoked the rule.").

2

offer a plausible basis for why such facts would exist.[3] Additionally, the plaintiffs have not submitted an affidavit or declaration to support their request. Accordingly, the plaintiffs are **DIRECTED** to submit, no later than February 28, 2020, a revised Rule 56(d) request. The Moving Defendants may file a response within seven (7) days of such filing. No reply will be allowed.

**SO ORDERED**, this 21st day of February, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] While in regard to the tortious interference claim, the plaintiffs specify that "discovery w[ould] allow [them] to obtain information, in the form of documents or testimony from Defendants and their employees, *regarding communications made by Lisa Bush attempting circumvent Plaintiffs' attorney-representation*," Doc. #37 at 3 (emphasis added), the plaintiffs have not demonstrated how that would influence the outcome of the motion for summary judgment. *See Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (a party requesting Rule 56(d) relief must "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.").