**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**VERONICA MILLER, et al.**                                         **PLAINTIFFS**

**V.**                                         **NO. 4:18-CV-254-DMB-JMV**

**CITY OF LELAND, et al.**                                         **DEFENDANTS**

## ORDER

Before the Court is the plaintiffs' Rule 56(d) request to conduct discovery regarding Kenny Thomas and Lisa Bush's "Motion for Qualified Immunity."

**I**
**Relevant Procedural History**

On June 14, 2019, Kenny Thomas and Lisa Bush filed a "Motion for Qualified Immunity," asserting that the plaintiffs' second amended complaint "fails to set forth an individual capacity claim against either of them under the doctrine of qualified immunity …." Doc. #30. In the plaintiffs' August 8, 2019, response, they asked the Court to allow them the "opportunity to conduct reasonable discovery" pursuant to Federal Rule of Civil Procedure 56(d). Doc. #39 at 2. This Court, finding that the plaintiffs' request for discovery failed to articulate specific facts which would create a genuine issue of material fact and also failed to include an affidavit or declaration, directed the plaintiffs to submit a revised Rule 56(d) request.[1] Doc. #42. On February 28, 2020, the plaintiffs filed "Plaintiffs' Amended Response in Opposition to the Defendants' Motion for Qualified Immunity Supplemental 56(d) Request," Doc. #48, along with an affidavit of their

---

[1] In their response to the defendants' separate "Motion for Summary Judgment for Claims Arising under State Law" ("State Law Motion"), the plaintiffs also asked the Court to allow them time to conduct discovery. Doc. #37 at 2–3. This Court directed the plaintiffs to submit a revised Rule 56(d) request, for the same reasons they were directed to do so regarding the motion for qualified immunity. Doc. #47.

counsel,[2] Doc. #49.  One week later, the defendants filed a response in opposition.  Doc. #51.

## II
## Rule 56(d)

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

> While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (cleaned up).

## III
## Analysis

In their Rule 56(d) affidavit, the plaintiffs' counsel represents that discovery would "show questions of fact regarding Lisa Bush … and Kenny Thomas … for intentional conduct and gross negligence which falls outside of their claims of qualified immunity."  Doc. #49 at PageID #992. Specifically, regarding Bush, the affidavit states:

> 3. Upon credible information, Lisa Bush texted and called several of the plaintiffs advising them to drop the lawsuit and get recovery not from the City of Leland but

---

[2] The same day, the plaintiffs filed a duplicate Rule 56(d) request, *see* Doc. #50, attaching a duplicate affidavit of their counsel, *see* Doc. #50-1.  To the extent the affidavit states that "[t]he plaintiffs … request[] … 56(d) relief to stay the ruling of the motion to dismiss for qualified immunity and request to conduct discovery in order to adequately respond to the motion for summary judgment for qualified immunity," Doc. #50-1 at PageID #999, the Court does not find it to be a Rule 56(d) request regarding the State Law Motion.  Having previously found the plaintiffs' only Rule 56(d) request regarding the State Law Motion to be deficient, the request for discovery regarding the State Law Motion is denied.

through MEMA.

4. Lisa Bush and I had a Facebook text conversation after I saw she tagged a few of the plaintiffs in a Facebook post regarding the flooding and the allegations in the complaint.

5. I contacted the insurance adjuster assigned to this case prior to filing suit and advised him of Lisa Bush's conduct, and he stated that he would tell her to stop her actions. She did not stop the actions of contacting many of the plaintiffs and this conduct, we believe upon credible evidence, will create a question of fact whether or not Mrs. Bush acted with intentional conduct to deprive plaintiffs of their rights and she acted with gross negligence to deprive the plaintiffs of their rights as described in the plaintiffs' first amended complaint.

*Id.* at PageID ##992–93.

Regarding Thomas, the affidavit asserts:

6. Upon credible information I believe, it will be shown through written discovery and depositions that Mayor Kenny Thomas authorized the drains and pumps be turned off in the African-American neighborhoods where the plaintiffs were flooded. After the rain started, Mayor Thomas authorized that the drains be turned back on.

7. As plaintiffs' counsel, we are in possession of a video of the Leland Fire Chief admitting Kenny Thomas told him to go and turn the drains on in the plaintiffs' neighborhoods after the plaintiffs suffered the extensive flood damage. In that same video, the Fire Chief states that the drains were turned off at the Mayor's request and that the drains should have been operating on an automatic level. Upon receipt of discovery, we believe there will be a genuine issues [sic] of material fact whether or not Kenny Thomas acted with intentional conduct to deprive the plaintiffs of their rights and he acted with gross negligence to deprive the plaintiffs of their rights as described in the plaintiff's [sic] first amended complaint. We believe it will raise genuine questions as to Kenny Thomas' conduct and actions when operating the drainage system in the white neighborhoods as opposed to his conduct when operating the drainage system in the African American community. If and when these specified facts are discovered, they will influence the outcome of the pending summary judgment motion, and plaintiff's [sic] counsel believes the motion will be denied.

*Id.* at PageID #993.

In opposing the plaintiffs' request for discovery, the defendants argue that the "Plaintiffs' revised response does not articulate how the discovery already in their possession is insufficient to respond to the summary judgment motion, fails to identify specific facts which they intend to learn from the additional discovery, or the [sic] identifies facts that are not in dispute." Doc. #51

at 7.

The Court agrees that the plaintiffs' revised Rule 56(d) request fails to demonstrate how an opportunity to conduct further discovery will provide them with facts essential to their opposition to the motion. For one thing, the facts specifically alleged in the affidavit are those of which the plaintiffs admittedly are already aware, not ones they expect to uncover during discovery. The affidavit refers to texts and calls between *the plaintiffs* and Bush, a "Facebook text conversation" between *the plaintiffs' counsel* and Bush, a phone conversation between the *plaintiffs' counsel* and an insurance adjuster, and a video *in the possession of the plaintiffs and/or their counsel*. Doc. #49 at PageID #992–93. To the extent the plaintiffs or their counsel were parties to the communications described and already possess the video referenced, Rule 56(d) discovery is not warranted.

Regardless, beyond their vague and conclusory assertions, the plaintiffs do not explain how the discovery sought would *specifically* impact the issues raised by the defendants' motion. Even if discovery could reveal that Bush contacted some of the plaintiffs in an attempt to have them drop the lawsuit and that Bush refused to cease such efforts, while such, if true,[3] may be questionable litigation conduct, the plaintiffs fail to detail how and why the conduct means qualified immunity should not protect Bush from the claims asserted against her.

Similarly, the plaintiffs do not expound with specificity as to how or what discovery, beyond that which they currently possess, will impact the qualified immunity motion as to Thomas. Rather, the plaintiffs seem to argue that because they have *some* evidence of intentional conduct on the part of Thomas, there must be other, unspecified evidence which they are entitled to discover

---

[3] The plaintiffs did not attach to their Rule 56(d) request the messages on which they rely. However, messages between the plaintiffs' counsel and Bush, and messages between Bush and an unidentified person, are attached to the plaintiffs' memorandum opposing the State Law Motion. Doc. #37-1. Notably, these messages do not reflect that Bush asked anyone to drop the lawsuit.

under Rule 56(d). This, of course, is not the standard for a Rule 56(d) request, which requires the proponent plausibly establish that "specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Smith*, 827 F.3d at 423. Beyond the facts related to Thomas' statements, which are already in the plaintiffs' possession and therefore not subject to a Rule 56(d) request,[4] neither the affidavit nor the complaint which it references[5] identifies any *specific facts* or how such facts could be collected in a reasonable time frame. Accordingly, the Court will deny the plaintiffs' request for Rule 56(d) discovery.

## IV
## Conclusion

The plaintiffs' Rule 56(d) request to conduct discovery regarding the motion for qualified immunity is **DENIED**.

**SO ORDERED**, this 31st day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] *See, e.g., St. Bernard Par. v. Lafarge N. Am., Inc.,* 550 F. App'x 184, 187–88 (5th Cir. 2013) (affirming denial of the plaintiff's Rule 56(d) request because "[t]he discovery needed by the [plaintiff] … was not dependent on the defendant but rather facts and reports completely within [the plaintiff's] control.").

[5] In the second amended complaint's recitation of the causes of action, the only reference to Thomas is the allegation under the "Civil Rights and Tortious Interference" section that "The City maintained pumps, and the pumps were turned on in the predominantly white areas of town, allowing the water to divert as intended, when city officials, *including but not limited to the Mayor*, who is white, did not turn pumps on in the 100% black areas of town." Doc. #23 at ¶ 17 (emphasis added). Beyond that, Thomas is only specifically mentioned in the "Parties and Venue" section—that "[o]n information and belief, Kenny Thomas was the acting Mayor in the City of Leland at all times complained of herein. Mayor Thomas was the person who authorized the operation of the drainage system in the City of Leland." *Id.* at ¶ 3.