IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**VERONICA MILLER, et al.**                                                   **PLAINTIFFS**

**V.**                                **NO. 4:18-CV-254-DMB-JMV**

**CITY OF LELAND, et al.**                                              **DEFENDANTS**

**ORDER**

After this Court granted summary judgment on some of the plaintiffs' state law claims and dismissed the plaintiffs' federal claims against the individual defendants in their individual capacities, the plaintiffs filed a motion to remand this action to state court. Doc. #68. Finding that the remaining federal claims are subject to summary judgment and that only state law claims remain, the Court declines to exercise jurisdiction over the state law claims. Accordingly, remand will be granted.

**I**
**Procedural History**

After this case was removed from the Circuit Court of Washington County, Mississippi, based on federal question jurisdiction,[1] the plaintiffs,[2] all African American, filed a second amended complaint against the City of Leland, Leland Light and Water Department, Mayor Kenny Thomas (individually and in his official capacity), Alderwoman Lisa Bush (individually and in her official capacity), and "Defendants A-D." Doc. #23. The second amended complaint contains

---

[1] *See* Doc. #1.

[2] The plaintiffs are Veronica Miller, Kathleen Smith, Linda Smith, Robert Smith, Twandolyn Sims, Rose Brooks, Ruthie Jones, Delois Taylor, Jeffery Butler, Andrew Goodson, Denita Wilson, Harold Norals, Selmond Norals, Chardonnay Williams, Vivian Gaither, Kimberly Robinson, Wendell Thomas, Iman McClure, Deloris McWright, Mary Anderson, Irvisha Adams, Joe Frazier, Eartha Simmons, Jerdo Newsome, Dominique Cox, Lorenzie Smith, Queosha Williams, Emma Riggins, Marcus Flowers, Willie Mae Richmond, Florida Pittman, Lywanda Welton, Cornelius Davis, Pearlie Smith, Jimmy Whitley, Clara Jones, Matalean Jones, Richard Warren, Jessie Rainey, Rosetta Johnson, Cheryl Johnson, Miranda Carter, Tiffany Hite, and Linda Robinson. Doc. #23 at 1.

two causes of action: negligence and "Civil Rights and Tortious Interference" arising from the defendants' alleged mismanagement of the City's drainage pump system during an excessive rainfall event. *Id.* at PageID 240–41. Specifically, the plaintiffs allege that (1) the City was negligent in its "operation, maintenance, repair, [and] upkeep" of the pump systems; its "hiring or contracting [of] qualified professionals to repair, maintain or supervise upkeep of the pump systems;" and "other acts;" (2) their 14th Amendment right to due process was violated by the defendants' failure "to protect [the plaintiffs'] property while protecting the property of White people;" (3) the City and Thomas violated their right to equal protection by "not turn[ing] pumps on in the 100% black areas of town," which resulted in "flooding in the black communities," while "the pumps were turned on in the predominantly white areas of town, allowing the water to divert as intended" and preventing "flooding in the white communities;" and (4) Bush is liable for tortious interference with contract because she, "while acting on behalf of the city … encourage[d] [the plaintiffs] to terminate their contract with [their counsel] and receive compensation from the city, without the consent or benefit of counsel." *Id.* As relief, the plaintiffs demand compensatory and punitive damages, together with costs and attorney fees. *Id.* at PageID 241–42.

On June 14, 2019, the defendants filed a motion for summary judgment on the state law claims. Doc. #28. The same day, Thomas and Bush, in their individual capacities, filed a motion for summary judgment based on qualified immunity. Doc. #30. Pursuant to these motions, on March 31, 2020, the Court dismissed the due process claim against Thomas and Bush in their individual capacities; the equal protection claim against Thomas in his individual capacity; the claim that the City was negligent in its training, hiring, or contracting; and the claim against Bush for tortious interference with contract. Doc. #54 at 11–12.

On July 23, 2020, the plaintiffs filed a motion to remand the case to state court. Doc. #68.

The motion argues that remand is warranted because "[t]he parties concur in the futility of federal claims leaving the sole issue of Plaintiffs' cause of action under the Mississippi Tort Claims Act." *Id*. at 2. The defendants responded in opposition on August 5, 2020. Doc. #71. The defendants argue that the remaining federal claims (though futile) preclude a remand and that even if the federal claims were dismissed, the Court should exercise supplemental jurisdiction over the remaining state law claims. Doc. #72 at 2–6. The plaintiffs did not reply.

Based on the summary judgment rulings and the parties' agreement regarding "the futility of federal claims," the Court instructed the parties to show cause why the remaining federal claims should not be disposed of on summary judgment. Doc. #75. The defendants responded that "[s]ummary judgment on the remaining federal claim is proper" but that they are still opposed to remand to state court. Doc. #76 at 1. The plaintiffs, in their response, "concede the remaining Federal Claims in this matter should be dismissed and the matter should be remanded on remaining State law claims of negligence and interference with contract." Doc. #78 at 1.

## II
## Analysis

"[W]here the Court grants summary judgment in a particular party's favor, it can also grant summary judgment *sua sponte* in favor of another party who is entitled to judgment as a matter of law assuming it is based on the same determinative issues." *Campbell v. City of Indianola*, 117 F. Supp. 3d 854, 876 n.25 (N.D. Miss. 2015); *see Johnson v. Montiminy*, 285 F. Supp. 2d 673, 674 n.3 (D. Md. 2003) ("Ford stands in the same legal position as the other defendants and, like them, is entitled to summary judgment. Therefore, I will *sua sponte* enter summary judgment on his behalf."). Even when the determinative issues are not the same, a court may sua sponte grant summary judgment when "(1) the case [is] sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered, and (2) the target

3

[has] received appropriate notice." *Rogan v. Menino*, 175 F.3d 75, 79 (1st Cir. 1999).

Here, the remaining claims are due process claims against Thomas and Bush in their official capacities, an equal protection claim against Thomas in his official capacity, and equal protection and due process claims against the City.[3] Each of these claims require an underlying constitutional violation. *Windham v. Harris Cnty.*, 875 F.3d 229, 243 (5th Cir. 2017).

The remaining federal claims are based on the same alleged events and actions of the defendants that were at issue in the March 31 order and for which the Court found no constitutional violation. The plaintiffs have not pointed to any portion of the record or presented any additional facts to show that the defendants violated their constitutional rights. Without a showing of a constitutional violation, the plaintiffs' federal claims fail. Accordingly, the Court grants summary judgment in the defendants' favor on the remaining federal claims.

Having granted summary judgment on all federal claims, no federal question remains. Because the Court's subject matter jurisdiction in this case is based only on the presence of a federal question, the Court must exercise its discretion on whether to exercise supplemental jurisdiction over the state law claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides:

> The district courts may decline to exercise supplemental jurisdiction ... [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts in the Fifth Circuit treat the four circumstances enumerated in § 1367 as "statutory factors" to consider when evaluating supplemental jurisdiction. *Enochs v. Lampasas*

---

[3] The motions adjudicated by the March 31 order did not seek dismissal of these claims. To the extent the complaint can be read to assert a due process claim against Leland Light and Water Department separate from the claim against the City, the order likewise did not address such claim.

*Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Watson v. City of Allen*, 821 F.3d 634, 642 (5th Cir. 2016).

Only state claims remain in this action and these claims would be better addressed by the state court. This Court therefore declines to exercise supplemental jurisdiction over the state law claims.

### III
### Conclusion

Summary judgment is granted in the defendants' favor on the plaintiffs' remaining federal claims. Because the Court declines to exercise supplemental jurisdiction over the state law claims, the plaintiffs' motion to remand [68] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Washington County.

**SO ORDERED**, this 19th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**